UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTIN WOODS.<br>    *Plaintiff,*<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of the Social Security Administration,*[1]<br>    *Defendant.* | No. 3:22-cv-00594 (VAB) |

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Ivan M. Katz, counsel for Kristin Woods ("Plaintiff"), has filed a petition for the award of attorney's fees under 42 U.S.C. § 406(b)(1). *See* Mot. for Attorney Fees, ECF No. 28 (May 8, 2025) ("Mot."). Mr. Katz seeks an award of $47,702.25, which is 25% of the retroactive benefits awarded to Ms. Woods. Mot. at 5.

The Commissioner "neither supports nor opposes" the motion, but defers to the Court's determination of whether the requested fee is reasonable. Response at 1, ECF No. 29 (May 12, 2025) ("Response"). The Commissioner also notes that because Mr. Katz has received an award under the Equal Access to Justice Act ("EAJA"), he must refund the smaller of the awards to Ms. Woods. *Id.* at 2.

For the following reasons, the Court **GRANTS** the motion and awards **$47,702.25** in attorney's fees under Section 406(b).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Kilolo Kijakazi as the Defendant in this suit. No further action need be taken. 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

In light of this Ruling and Order, Mr. Katz is directed to refund to Ms. Woods the fees received under the EAJA totaling $15,400.

I.  **STANDARD OF REVIEW**

    **A. Attorney's Fees Under 42 U.S.C. § 406(b)**

"The Social Security Act provides for successful representatives to be compensated for their services through deductions from payments that their clients are entitled to receive." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 67 (2d Cir. 2016). In relevant part, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Contingency-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barhart*, 535 U.S. 789, 807 (2002).

In evaluating a potential fee award, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case," and the best indicator of reasonableness of such fees in a social security case "is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must [also] show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-

2

cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807). Finally, "Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at [25] percent of the past-due benefits." *Torres v. Colvin*, No. 11-cv-5309 (JGK), 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) (citing *Gisbrecht*, 535 U.S. at 792–93).

## II.  DISCUSSION

In determining the reasonableness of a fee request brought under Section 406(b), a court considers the following factors:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners," and so a "reduction in the agreed-upon contingency amount should not be made lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007). But "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014).

Mr. Katz argues that the award here is appropriate because of the express contingency agreement between himself and Ms. Woods; the "unusual complexity" of the case requiring 79.80 hours of work; the "imputed rate of $572.71 per hour" is "well within [Mr. Katz's] customary rate"; and "the absence of any reasons why the award . . . would be unjust." Mot. at 5.

3

Mr. Katz additionally provides an accounting of time spent on the matter and notes that he is aware of his obligation to "refund" Ms. Woods the EAJA award if he receives an award under Section 406(b)(1). *Id.* at 5–6.

The Commissioner defers to the Court on the reasonableness of the award sought, and states that if fees are awarded under both the EAJA and 42 U.S.C. § 406(b), Mr. Katz must refund the smaller of the rewards. Response at 1–2.

The Court finds the award reasonable.

Following this Court's granting of the motion for remand, *see* Order, ECF No. 19 (Sept. 29, 2023), Ms. Woods received a "Fully Favorable decision . . . finding [her] disabled from January 9, 2019 forward." Mot. at 1. The total award received by Ms. Woods was $182,809.00. *Id.* Ms. Katz now requests 25% of that award, totaling $47,702.25 for 79.80 hours of work, which represents an "imputed rate of $572.71 per hour." *Id.* at 5.

First, as to the "character of the representation and the results the representation received," *Gisbrecht*, 535 U.S. at 808, the requested reward is reasonable, given the significant reward of past-due benefits earned from January 9, 2019, the onset of disability. *See, e.g.*, *Sama v. Colvin*, No. 3:10-cv-01268 (VLB/TPS), 2014 WL 2921661, at *3 (June 25, 2014) ("Attorney Rubenstein achieved a fully favorable result for plaintiff, first by securing a remand to the administrative level, and then by obtaining a substantial award of past-due benefits. . . . The results secured by Attorney Rubenstein, a remand and a subsequent award of benefits beginning October 31, 2006, were the best possible outcome for the plaintiff.").

Second, there is nothing in this record to suggest that Mr. Katz unreasonably delayed proceedings in order to increase his reward.

4

Third, as to the "windfall factor" or "whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case," *Sama*, 2014 WL 2921661, at *2 (internal quotations omitted)), courts often consider "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Claudio v. Berryhill*, No. 3:17-cv-1228 (MPS), 2019 WL 3002907, at *1 (D. Conn. July 10, 2019) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014)).

Here, Mr. Katz billed 79.80 hours on Ms. Woods's case. Mot. at 5. While courts "throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between 20 and 40 hours of attorney time to prosecute," *Claudio*, 2019 WL 3002907, at *1 (citations and quotation marks omitted), this case involved "unusual complexity," Mot. at 5.

Indeed, the administrative record in this case was over 3000 pages long, *see* Tr., ECF No. 7 (June 21, 2022), and the motion to reverse the Commissioner's decision distilled this large volume of facts and presented a persuasive legal argument, *see* Mot. to Reverse the Decision of the Commissioner, ECF No. 13 (Aug. 9, 2022). Counsel's time spent reviewing, drafting, and preparing for the Social Security appeal therefore was commensurate to the task and was not unreasonable. *See, e.g.*, *Vogth-Eriksen v. Berryhill*, No.3:16-cv-01114 (SALM), 2018 WL 6322611, at *3 (D. Conn. Dec. 4, 2018) ("The Court finds that 28.4 hours for the review of over 1500 pages of records and the production of 39 pages of persuasive, well reasoned . . . briefing and a condensed statement of facts is well within reasonable limits." (internal quotation marks and citation omitted)); *Scott v. Astrue*, 474 F. Supp. 2d 465, 466–67 (W.D.N.Y. 2007) ("Where the facts of a specific case warrant it, however, courts do not hesitate to award fees in excess of

5

forty hours. I agree that this case presented unusual and more complex medical issues and that exceptional circumstances exist justifying in excess of 40 hours of attorney time." (citations omitted)) (collecting cases); *see also Fields v. Kijakazi*, 24 F.4th 845, 856 (2d Cir. 2022) ("A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about.").

Additionally, the total reward of $47,702.25 and *de facto* hourly rate of $572.71 are consistent with attorney's fees routinely awarded in this Circuit. *See, e.g., Destefano v. Astrue*, No. 05-cv-3534 (NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (awarding a total of $55,191.38 for an adjusted 65 hours of work, for a *de facto* hourly rate of $849.09); *Sama*, 2014 WL 2921661, at *4 (awarding a total of $32,904.00 for 41.9 hours of work, for a *de facto* hourly rate of $785.30); *Joslyn*, 389 F. Supp. 2d at 457 (awarding a total of $38,116.50 for 42.75 hours of work, for a *de facto* hourly rate of $891.61).

Finally, because Mr. Katz has already received $15,400 in attorney's fees under the EAJA, *see* Order, ECF No. 27 (Feb. 5, 2024), and the EAJA award is less than what is awarded here, he must refund to Ms. Woods the EAJA award. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (cleaned up)).

Accordingly, the fee requested is reasonable and will be awarded.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and awards **$47,702.25** in attorney's fees under Section 406(b).

In light of this Ruling and Order, Mr. Katz is directed to refund to Ms. Woods the fees received under the EAJA totaling $15,400.

**SO ORDERED** at New Haven, Connecticut, this 20th day of June, 2025.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE